## Matensz Ozech, Appellee, v. International Harvester Company of New Jersey, Appellant.

### Gen. No. 21,822.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916. Rehearing denied April 24, 1916.

### Statement of the Case.

Action by Matensz Ozech, plaintiff, against International Harvester Company of New Jersey, defendant, for damages caused by injuries sustained through an explosion in a small foundry connected with defendant's plant. From a verdict and judgment for $1,250 in favor of plaintiff, defendant appeals.

The cupola or furnace in the foundry was cylindrical in shape, four feet in diameter, resting on four legs which were about five feet high, standing on a concrete foundation. The upper part of the cupola extended through the roof. The bottom consisted of two semicircular steel doors which when closed were kept to place by two steel props; when closed the contents of the cupola were retained; when open the contents dropped out. The cupola was loaded with alternate layers of iron and coke from a second floor, which was called the charging platform, occasionally

the iron in the cupola did not melt to the proper consistency. When this happened it was necessary to open the bottom doors and allow the mass to drop out; otherwise it would grow cold and solidify, and then could not be removed without destroying the cupola.

Upon this occasion the iron was not sufficiently molten, and the foreman concluded to empty the cupola. As the operation is attended with danger, he first ordered the laborers, including plaintiff, who was on the charging platform, to leave the building, and then directed a man, called the cupola tender, to open the bottom doors. This man, with a long rod, knocked out the props, the doors swung open, and the mass of iron in varying stages of liquefaction, with coke in various stages of combustion, dropped upon the foundation under the cupola. What is described as "a terrific explosion" ensued. Parts of the brick walls of the foundry were demolished and the building practically wrecked. Three men were killed. Plaintiff stated that upon receiving orders to leave the building he went from the charging platform by an elevator and had reached the ground floor and "was hardly able to take a step" when the explosion occurred. He was blown through the doors and underneath a freight car standing about fifteen feet from the building. Some witnesses placed plaintiff just outside the building at the instant of the explosion.

Plaintiff alleged and introduced evidence tending to prove that the hot contents of the cupola fell into water or on a damp place present around the legs of the cupola, and witnesses testified that this contact of molten iron with water not in sufficient quantity to cover it would cause an explosion. Defendant ascribed the explosion to a rush of gas into a "pocket" formed by a partition and the floor of the charging platform, and the ignition of this gas by the hot metal and the flaming coke. Defendant argued that its explanation was established by the greater weight of the evidence,

and therefore plaintiff's allegations as laid in his declaration had failed of proof, and hence he could not recover.

The following instructions requested by defendant were refused:

"You are further instructed by the court that if you believe from the evidence that the explosion in question was caused by gases formed within the furnace and liberated and ignited at the time the molten metal was dumped upon the ground, and not by reason of the molten metal coming in contact with the water in question, then the plaintiff cannot recover, for the reason that the plaintiff does not claim in his declaration the explosion to have been due to any other cause than the contact of the molten metal with the water. Before the plaintiff can recover he must prove the explosion to have occurred in the manner and for the reasons stated in his declaration and not in any other manner whatever."

"You are instructed by the court that before the plaintiff can recover in this case he must prove by a preponderance or greater weight of the evidence that he actually sustained the injuries and disabilities which he has claimed to have sustained, and that such injuries were the direct and proximate result of an explosion caused by the molten metal from the furnace coming in contact with water alleged to have been on the ground under the furnace; and if you believe from the evidence that the accident or explosion was due to any other cause than said molten metal coming in contact with said water then the plaintiff cannot recover and your verdict must be for the defendant."

"You are instructed by the court that before the plaintiff can recover in this case he must prove by a preponderance or greater weight of the evidence that he actually sustained the injuries and disabilities which he has claimed to have sustained, and that such injuries were the direct and proximate result of an explosion caused by the molten metal from the furnace coming in contact with water alleged to have been on the ground under the furnace; and if you believe from the evidence that the accident or explosion was due

to any other cause than said molten metal coming in contact with said water then the plaintiff cannot recover and your verdict must be for the defendant.''

DAVID A. OREBAUGH, for appellant; EDGAR A. BANCROFT, of counsel.

S. P. DOUTHART and FRED C. SMITH, for appellee; LOUIS H. GEIMAN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 702*—*when evidence sufficient to sustain finding in favor of servant as to cause of explosion in foundry.* Where plaintiff in an action for damages for personal injuries claims that an explosion whereby he was injured in defendant's foundry was caused by the fall of molten metal and coke in combustion from a cupola into water or a damp place under such cupola and defendant claimed that such explosion was not so caused but ascribed it to a rush of gas into a pocket formed by the floor of a charging platform and a partition and the ignition of such gas by the hot metal and flaming coke, and it appeared that there was conflicting testimony as to the quantity and exact location of water on the ground around or under the cupola, and variant views of witnesses concerning the respective causal theories of the explosion, evidence *held* sufficient to sustain a finding that plaintiff had proved his claim as to the cause of explosion.

2. MASTER AND SERVANT, § 831*—*when party bound by finding of jury on requested interrogatory.* Where plaintiff alleged and introduced evidence to the effect that the injuries sustained by him in defendant's foundry were caused by an explosion resulting from the dumping of a cupola containing molten metal and burning coke into water, and where on defendant's request a special interrogatory was given to the jury whereby they were asked whether the explosion was so caused, to which the jury answered yes, defendant was conclusively bound by this finding, he having made no motion to set it aside, and there being no assignment of error in that regard.

3. DAMAGES, § 188*—*when evidence sufficient to establish personal injuries to servant in foundry.* In an action for damages for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ozech v. International Harvester Co., 198 Ill. App. 453.

personal injuries to an employee in a foundry, evidence *held* sufficient to establish that plaintiff had suffered personal injuries, there being evidence that the explosion was of sufficient force to wreck the building, and medical testimony that plaintiff was suffering from a dilation of the heart and an injury to the kidneys.

4. Damages, § 115*—*when verdict for damages for personal injuries not excessive.* Injuries sustained by a workman in a foundry explosion resulting from dumping of hot contents of a cupola into water, *held* to justify a verdict for $1,250, it appearing that considerable shock must have resulted inasmuch as he was only a few feet away from an explosion sufficiently violent to wreck a brick building, that there is testimony of physicians as to the presence of dilation of the heart and injury to the kidneys, even though plaintiff may have affected to be in more physical distress than is warranted by the facts.

5. Master and Servant, § 833*—*when refusal of instructions harmless error.* The refusal to give instructions requested by defendant in an action by a foundry employee for injuries due to an explosion from molten metal striking water when dumped upon the ground, that the jury must find defendant not guilty if they found that molten metal fell into the water and irrespective of the negligent order which caused the cupola of metal to be dumped before plaintiff had time to get out of the building, *held* harmless error where the jury in answering special interrogatories asked by defendant found that the molten metal fell into the water and caused the explosion.

6. Appeal and Error, § 1035*—*when improper argument or conduct of counsel not considered on review.* Alleged improper argument or conduct of counsel will not be considered in the court of review where defendant does not assign error on such ground.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.